UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOYCE BRETON,                        )
                                     )
           Plaintiff                 )
                                     )
v.                                   )     Civil No. 09-138-P-S
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
           Defendant                 )

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff, Joyce Breton, moves for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,569.45. EAJA Application for Fees and Expenses (Docket No. 11) at 2 & Exh. C. The commissioner opposes the request on several grounds. Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Opposition") (Docket No. 12) at 2-6.[1] For the reasons that follow, I recommend that the plaintiff's motion be granted.

The defendant's first argument in opposition is that this court lacks jurisdiction over the plaintiff's request because it was not filed within 30 days of a "final judgment," as required by 28 U.S.C. § 2412(d)(1)(B). *Id*. at 3-5. This is so, he contends, because this court erroneously entered judgment after granting the parties' request to remand this matter to the commissioner under sentence six of 42 U.S.C. § 405. *Id*. at 3; Docket No. 9. It is true that judgment should not be entered in a case involving an appeal from a decision of the commissioner with respect to an

---

[1] The court has acted today on the defendant's Motion to Vacate Judgment and Enter a New Judgment (Docket No. 13), filed with his Opposition, and vacated the judgment. Docket No. 19.

1

application for benefits, if that action is remanded to the commissioner under sentence six, as here, until the commissioner has reached another final decision and advised the court of that decision. 42 U.S.C. § 405(g). Rather, the court should retain jurisdiction until the commissioner reports and any issues raised with respect to the application are finally determined. *See, e.g., Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

However, the commissioner offers no explanation for the fact that the fully favorable decision subsequent to remand in this case was "received" by the plaintiff "on August 11, 2009," Opposition at 5 n.2, yet was not submitted to this court by the commissioner until he filed his opposition to this motion for fees on May 13, 2010. In any event, I do not recommend that the court direct counsel for the plaintiff to take the empty action of filing his fully-briefed motion for fees again, now that the court has vacated its earlier judgment. The court now has the jurisdiction that the commissioner contends it lacked. No further pleading is necessary. *Id*. at 103.

The defendant next contends that the motion is untimely if the date of the entry of the earlier judgment is deemed to govern the period allowed for the filing of such a motion. Opposition at 5. I do not recommend that the court adopt this approach, particularly given today's vacating of that judgment.

Finally, the defendant argues that his position in the case as it was postured in this court before the parties requested remand was substantially justified.[2] *Id*. at 6. He supports this contention primarily with the observation that, after remand, the plaintiff amended her alleged date of onset of disability to a date (May 11, 2007) "which was just six weeks shy of post-dating the period that was originally at issue in this civil action[,]" where the decision of the original

---

[2] When a plaintiff seeks to recover attorney fees under the Equal Access to Justice Act, the opposing government agency must show that its substantive position during the litigation was substantially justified. 28 U.S.C. § 2412(d)(1)(B), (d)(1)(A); *United States v. Yoffe*, 775 F.2d 447, 449 (1st Cir. 1985).

2

administrative law judge was issued on June 27, 2007.  *Id*.[3]  Thus, he reasons, since "almost the entire period" at issue initially was no longer at issue, this court should conclude that his litigation position was substantially justified.  *Id*.  He cites one case in support of his theory, *Williams v. Sullivan*, 717 F. Supp. 639 (N.D. Ill. 1989) ("*L. Williams*").

As the plaintiff points out, Reply at 6-7, the same court that decided *L. Williams* in 1989 distinguished that case in 1990 in a manner that is germane to the instant motion.  Noting that the plaintiff in *L. Williams* was awarded benefits after remand only as of a date after the date on which the appeal that resulted in the remand was filed, *see* 717 F. Supp. at 640-41, the court held in *Williams v. Sullivan*, No. 86 C 5898, 1990 WL 70341 (N.D. Ill. May 15, 1990) ("*E. Williams*"), at *1, *3, that, where the remand resulted in a finding that the plaintiff was disabled as of a date after the date of the original administrative law judge opinion in the case but *before* the appeal was filed in court, the plaintiff was a prevailing party for purposes of recovery of attorney fees under EAJA.

I find the *E. Williams* analysis persuasive, particularly because the date of onset adopted after remand herein was within the period for which benefits were sought initially.

## Conclusion

For the foregoing reasons, I recommend that the plaintiff's request for an award of fees in the amount of $ 2,569.45 be **GRANTED**.

---

[3] The plaintiff asserts that the administrative law judge's decision was actually issued on August 28, 2007.  Reply Memorandum re Application for EAJA Fees and Expenses ("Reply") (Docket No. 14) at 4.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 22nd day of July, 2010.

                                                           /s/ John H. Rich III
                                                           John H. Rich III
                                                           United States Magistrate Judge